968 So.2d 38 (2007)
Samuel K. YOUNG, Appellant,
v.
The PALM BEACH COUNTY SCHOOL BOARD, Appellee.
No. 4D05-4308.
District Court of Appeal of Florida, Fourth District.
November 29, 2006.
Rehearing Denied December 6, 2007.
Thomas L. Johnson and Pamela Cazares of Chamblee, Johnson & Haynes, P.A., Brandon, for appellant.
Randall D. Burks, School Board of Palm Beach County, West Palm Beach, for appellee.
KRATHEN, DAVID H., Associate Judge.
In today's decision, this court once again holds that teachers in this state can no longer be terminated for deficient professional performance in the classroom without the School Board first giving primary consideration to student achievement as measured by the Florida Comprehensive Assessment Tests or other local assessments where the FCAT is not available. See Sherrod v. Palm Beach Cty. Sch. Bd., 963 So.2d 251, ___ (Fla. 4th DCA 2006).
The Palm Beach County School Board discharged Appellant for failure to correct unsatisfactory performance. The Principal wrote a detailed description of problems observed in five areas of deficiency: management of student conduct, presentation of subject matter, learning environment, planning, and assessment. In rejecting the decision of the Administrative Law Judge, who found that there was a complete absence of consideration of student performance based on state or local assessment data, the Palm Beach County School Board misread the law when it relied upon the Classroom Teacher *39 Assessment System ("CTAS")[1] approved by the Department of Education. The Administrative Law Judge found that there was no competent and substantial evidence within the mandates set forth by the Florida legislature in evaluating teacher performance. We hold that he was right.
Regardless of the good intentions of the School Board in relying on what it felt were suitable criteria to evaluate teacher performance, by depending on an assessment procedure not primarily based on student performance as measured by state FCAT tests or local assessments, the School Board failed to follow the applicable law. As we held in Sherrod:
Section 1012.34(3) plainly says that the student performance on annual tests must be the `primary basis' for teacher evaluation. It does not say that these annual tests `may' play a role. . . . But, the term primary in the statute unmistakably makes the student performance on annual tests the first consideration in any teacher evaluation.
Id. In section 1012.34(3), the Legislature has made a policy judgment, one we are not permitted to disregard.
We therefore hold that the School Board's action is not supported by substantial, competent evidence.[2] The dismissal of appellant is vacated.
Reversed.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] The School Board relied upon the 2001-02 and 2002-03 version of CTAS approved by the DOE in 1999.
[2] See § 120.57 Fla. Stat. (2005).